UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------------------------ X      **Docket No.:**
KASSIEM McKINNEY,

                                        Plaintiff,              **COMPLAINT**

                    -against-                                   <u>**JURY TRIAL DEMANDED**</u>

PASSAIC COUNTY, OFFICE OF THE PASSAIC
COUNTY SHERIFF'S DEPARTMENT, PASSAIC
COUNTY JAIL, PASSAIC COUNTY JAIL WARDEN
MICHAEL TOLERICO, PASSAIC COUNTY JAIL
SERGEANT JOHN/JANE DOES #1-25 (fictitiously
named) and PASSAIC COUNTY JAIL CORRECTIONAL
OFFICER JOHN/JANE DOES #1-25 (fictitiously named),

                                        Defendants.
------------------------------------------------------------------------ X


        Plaintiff, KASSIEM MCKINNEY, by and through his attorneys, The Russell Friedman

Law Group, LLP, complaining of Defendants, PASSAIC COUNTY, OFFICE OF THE PASSAIC

COUNTY SHERIFF'S DEPARTMENT, PASSAIC COUNTY JAIL, PASSAIC COUNTY JAIL

WARDEN MICHAEL TOLERICO, PASSAIC COUNTY JAIL SERGEANT JOHN/JANE

DOES #1-25 (fictitiously named), and PASSAIC COUNTY JAIL CORRECTIONAL OFFICERS

JOHN/JANE DOES #1-25 (fictitiously named), alleges as follows:

**NATURE OF THE ACTION**

        1.      This is an action for deprivation of Plaintiff's civil rights, committed by Defendants

while acting in concert and under color of state law, of Plaintiff's rights, liberties, and immunities

as guaranteed to him by reason of the Fourth, Fifth, Eighth, and Fourteenth Amendments to the

United States Constitution. This Court is authorized to grant Plaintiff relief under 42 U.S.C. §§

1983 and 1988 and his pendant State Law claims.

**JURISDICTION**

2.      Jurisdiction in this matter is invoked in accordance with 28 U.S.C. § 1331 and 28 U.S.C. § 1367.  Plaintiff further invokes the supplemental jurisdiction of the Court to hear and decide claims arising out of the pendant state claims pursuant to 28 U.S.C. § 1376(a).

**VENUE**

3.      Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b) since all of the events and omissions giving rise to Plaintiff's claims occurred within Passaic County in the District of New Jersey; the actual place of employment of all of the individual Defendants is Passaic County in the District of New Jersey, and Passaic County is within the jurisdiction of the District of New Jersey.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

4.      Plaintiffs have fulfilled the requirements of the Prison Litigation Reform Act, 42, U.S.C. § 1997(e)(a), requiring inmates to exhaust available, administrative remedies prior to filing suit under 42 U.S.C. § 1983 alleging violations of their constitutional rights.

**PARTIES**

5.      Plaintiff, KASSIEM McKINNEY (hereinafter, "McKinney" or "Plaintiff"), is a citizen of the United States who resided and still resides at the Passaic County JAIL.

6.      Defendant PASSAIC COUNTY ("COUNTY") is a municipal subdivision of the State of New Jersey, duly existing by reason of and pursuant to the laws of the State of New Jersey. The COUNTY oversees Passaic County JAIL operations through the Passaic County Sheriff's Department. Under applicable federal and state law, the COUNTY is responsible for the conduct of its governmental subdivisions, including Passaic County JAIL and the Passaic County Sheriff's Department

PF/D238817/FL2961

7.     Defendant, OFFICE OF THE PASSAIC COUNTY SHERIFF'S DEPARTMENT (hereinafter, "SHERIFF'S OFFICE") is an agency, subdivision, and/or instrumentality of the COUNTY and has an office at 435 Hamburg Turnpike, Wayne, NJ 07470. The SHERIFF'S OFFICE is the chief law enforcement body of Passaic County. Thorough its Corrections Division, the SHERIFF'S OFFICE staffs the Passaic County JAIL with correction officers who, pursuant to policy set by the JAIL administration, oversee virtually every aspect of the inmates' confinement.

8.     Defendant, PASSAIC COUNTY JAIL (hereinafter, "JAIL") is an agency, subdivision, and/or instrumentality of the COUNTY and is located at 11 Marshall Street, Paterson, NJ 07501.

9.     Upon information and belief, at all relevant times described herein, Defendant COUNTY, by its agents and/or employees, operated, maintained, and controlled the SHERIFF'S OFFICE and the JAIL, including all officers thereof.

10.    Defendant, PASSAIC COUNTY JAIL WARDEN MICHAEL TOLERICO (hereinafter, "WARDEN TOLERICO"), was the warden of Passaic County JAIL who is being sued in his individual and official capacity. Upon information and belief, at all relevant times described herein, WARDEN TOLERICO was acting under color of state law within the scope of his employment as the warden employed by Defendants COUNTY, SHERIFF'S OFFICE, and/or JAIL. WARDEN TOLERICO was the administrative head of the JAIL and was responsible for its daily management, maintenance, and operation, as well as for training and disciplining employees.

11.    Defendant, PASSAIC COUNTY JAIL SERGEANT JOHN/JANE DOES #1-25 (fictitiously named) (hereinafter, "SERGEANT DOES") are being sued in their individual and official capacities. Upon information and belief, at all relevant times described herein, SERGEANT DOES were acting under color of state law within the scope of their employment as

PF/D238817/FL2961

supervising officers employed by Defendants COUNTY, SHERIFF'S OFFICE, and/or JAIL.

12.     Defendant, PASSAIC COUNTY JAIL CORRECTIONAL OFFICER JOHN/JANE DOES #1-25 (fictitiously named) (hereinafter, "CO DOES") are/were yet unidentified correctional officers at the JAIL who are being sued in their individual and official capacities. Upon information and belief, at all relevant times described herein, CO DOES were acting under color of state law within the scope of their employment as correctional officers employed by Defendants COUNTY, SHERIFF'S OFFICE, and/or JAIL.

## STATEMENT OF RELEVANT FACTS

13.     Plaintiff McKinney is an individual who resides in the Passaic County JAIL, located at 11 Marshall Street, Paterson, NJ 07501.

14.     On or about April 4, 2020, at or around 4:30 p.m., a dispute between an unknown corrections officer and an unknown inmate occurred at the JAIL at or near Plaintiff's housing unit.

15.     During this dispute or soon thereafter, SERGEANT DOES directed all inmates within Plaintiff's housing unit to "lock-in." Though, SERGEANT DOES had directed that the inmates "lock-in", the individual cells remained locked so that neither Plaintiff nor any other inmate could enter their respective cells to "lock-in."

16.     SERGEANT DOES and CO DOES, despite being aware that the individual cells remained locked, continued to direct and insist that Plaintiff and the other inmates "lock-in".

17.     At some point, on information, SERGEANT DOES and CO DOES left the housing unit. Without warning or just cause, SERGEANT DOES and CO DOES began to use oleoresin capsicum spray ("OC") and/or similar spray, rubber bullets, bean bags, water hoses, pepper bullets, and, on information, tear gas on Plaintiff and the other inmates in the housing unit. This was all the while the SERGEANT DOES and CO DOES were out of the housing unit and the inmates

posed no danger to the SERGEANT DOES and/or CO DOES.  On information, soon thereafter, a fire started within the housing unit due to the unlawful use of tear gas by the SERGEANT DOES and/or CO DOES.

18.     Smoke began to fill the housing area. At some point, electricity to Plaintiff's housing unit was also shut-off. Between the smoke and the lights being shut-off, it was nearly impossible to see.

19.     It became increasingly difficult for Plaintiff to breath due to the fire, OC spray, pepper bullets, and tear gas within the housing unit. In an attempt to protect themselves from Defendants' unlawful assault, Plaintiff and other inmates headed to the showers in order to flee the smoke, fire, and OC.

20.     At no point during the aforementioned events was Plaintiff violent or otherwise acting against the CO DOES and/or SERGEANT DOES.

21.     Nonetheless, SERGEANT DOES and CO DOES re-entered the housing unit and, without waring or just cause, again began to use OC spray and/or similar spray on Plaintiff, as well as firing rubber bullets, pepper bullets, and bean bags upon Plaintiff.

22.     Eventually, Plaintiff and the other inmates were dragged out of the housing unit. Although Plaintiff was being compliant, the SERGEANT DOES and/or CO DOES beat and kicked Plaintiff. As Plaintiff and the other inmates exited the housing unit, SERGEANT DOES and/or CO DOES continued their assault on Plaintiff and the other inmates. SERGEANT DOES and CO DOES continued to use CO spray and rubber bullets on him before eventually handcuffing Plaintiff and slamming his body to the ground.

23.     Despite having Plaintiff handcuffed, SERGEANT DOES and/or CO DOES continued to viciously beat Plaintiff.

PF/D238817/FL2961

24.     Plaintiff did not resist or fight back at any point during the aforesaid events.

25.     Upon information and belief, for approximately five (5) days after the aforesaid events, CO DOES did not give sufficient drinking water to Plaintiff.

26.     Furthermore, CO DOES, on multiple occasions, grabbed Plaintiff's head and pushed his face against urine and fecal water in the bathroom.

27.     Plaintiff was also denied medical treatment to treat his injuries resulting from the aforementioned assault. Additionally, Plaintiff was not brought to medical for decontamination after the use of OC spray, pepper bullets, and tear gas.

28.     CO DOES also denied Plaintiff showers for approximately five (5) days after the fire, despite dragging his face in urine and fecal water multiple times throughout the five days.

29.     Finally, Plaintiff was falsely charged and arrested, *inter alia,* with rioting, arson, conspiracy, and assaulting a corrections officer.

30.     The prosecution of Plaintiff was initiated with malice and without any legal basis to do so.

31.     The prosecution of Plaintiff was and has continued after probable cause was vitiated. Defendants have irrefutable video evidence of Plaintiff's innocence and have continued the prosecution, despite knowledge that such prosecution was unlawful and in violation of Plaintiff's rights.

32.     Defendants have falsely and malicious reported in various publications that Plaintiff and other inmates set fire to bedsheets and rioted at the JAIL. However, on information, the likely cause of the fire was the unlawful and improper use of tear gas by SERGEANT DOES and CO DOES.

PF/D238817/FL2961

The Violence-Prone Environment of the JAIL

33.     Upon information and belief, several years immediately preceding April 4, 2020, CO DOES, while employed as correctional officers by the JAIL, engaged in a continuous and ongoing course of violent conduct and unconstitutional wrongdoing throughout the JAIL. This behavior was either ignored and/or condoned by their supervisors.

34.     Upon information and belief, several years immediately preceding April 4, 2020, CO DOES, while employed as correctional officers by the JAIL, assaulted and battered numerous inmates within the JAIL without reason or justification. This behavior was either ignored and/or condoned by their supervisors.

35.     Upon information and belief, most of CO DOES' victims were inmates who are particularly vulnerable due to their status and restrictions.

36.     Upon information and belief, CO DOES' ongoing course of unconstitutional conduct was well known throughout the JAIL, and the actual violent conducts were open and notorious within the JAIL.

37.     Upon information and belief, CO DOES had a reputation within the JAIL as correctional officers who used their official position to abuse and assault inmates without legitimate reason or justification.

38.     Upon information and belief, after JAIL failed to take any action regarding the known criminal and unconstitutional conducts of CO DOES, other correctional officers engaged in similar conduct by using their status as correctional officers to abuse and assault vulnerable inmates without reason or justification.

PF/D238817/FL2961

39.     Upon information and belief, WARDEN TOLERICO, as the Warden of the JAIL, had actual knowledge of the aforementioned malfeasance and criminal conduct of CO DOES and other correctional officers and/or widespread allegations of such malfeasance.

40.     Upon information and belief, despite his knowledge of CO DOES' malfeasance and criminal conduct and/or widespread allegations of same, WARDEN TOLERICO failed and refused to adequately investigate CO DOES' actions, acquiesced in CO DOES' conduct, failed to take any remedial action against CO DOES, allowed CO DOES to remain employed as an officer with the JAIL, was grossly negligent in his supervision of CO DOES, and was deliberately indifferent to the rights of the inmates by failing to act on information that their constitutional rights were being violated by CO DOES.

41.     Upon information and belief, the aforesaid actions or inactions by WARDEN TOLERICO constituted a deliberate indifference to the constitutional rights of the inmates the JAIL swore a duty to protect and care for.

42.     Upon information and belief, the aforesaid actions or inactions by WARDEN TOLERICO countenanced the actions of CO DOES and other correctional officers who engaged in similar conduct described herein, created an environment where the violent and criminal conduct within the JAIL was not only tolerated but encouraged, and constituted a deliberate indifference to the constitutional rights of the inmates the JAIL swore a duty to protect and care for.

43.     Upon information and belief, upon hearing of the allegations set forth herein, Defendants COUNTY, SHERIFF'S OFFICE, JAIL, and WARDEN TOLERICO failed to take any measures to remediate the violent environment within the JAIL, which led to the constitutional rights of vulnerable inmates being violated for the correctional officers' violent desires.

44.     Pursuant to the New Jersey Tort Claims Act, Plaintiff served Notices of Claim upon Defendants within the 90-day statutory period, giving notice of these claims to the extent required by Law.

45.     As of the date of this Complaint, Defendants have failed to resolve any of the alleged disputes addressed in the Notices of Claim.

46.     Rather, upon information and belief, CO DOES harassed and abused Plaintiff in retaliation for filing the Notice of Claim.

47.     Upon information and belief, CO DOES put Plaintiff in the Special Confinement Unit ("SCU") on or about January 1, 2021 and kept Plaintiff in the SCU for over two weeks without a legitimate reason or purpose, in retaliation for Plaintiff's filing of the Notice of Claim.

48.     Upon information and belief, CO DOES did not permit Plaintiff to take showers for over two weeks while he was in the SCU, did not let him out of the SCU even during the designated hours, and did not let him use the phone to speak with his family and loved ones, all in retaliation for filing of the Notice of Claim.

49.     As a result of the aforementioned, Plaintiff was subjected to bodily harm, extreme emotional distress and mental anguish, night terrors and nightmares, public humiliation, ridicule and scorn, severe injury to his reputation, loss of dignity, loss of his liberty, placed in grave fear of his safety and life, and lost time from his everyday pursuits.

**COUNT I**
**VIOLATION OF PLAINTIFF'S FOURTH, EIGHTH, AND FOURTEENTH AMENDMENT RIGHTS FOR UNREASONABLE AND EXCESSIVE FORCE (§ 1983) (Against SERGEANT DOES and CO DOES)**

50.     Plaintiff repeats, realleges, and reiterates each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

51.     The unlawful assault of Plaintiff by the correctional officers at Passaic County JAIL was conducted under color of state law within the purview of 42 U.S.C. § 1983 and within the scope of their employments by the JAIL.

52.     SERGEANT DOES and CO DOES, with willful and malicious intent, using the actual and/or apparent authority of the JAIL, violently assaulted Plaintiff without valid justification for such excessive force.

53.     The aforesaid actions of SERGEANT DOES and CO DOES constituted a gross violation of Plaintiff's bodily integrity for no legitimate reason.

54.     SERGEANT DOES and CO DOES' actions were intentionally, recklessly, grossly negligent, and/or negligently done to intimidate and did cause Plaintiff physical and emotional distress.

55.     The assault and battery of Plaintiff was an abuse of power, constituted a violation of bodily integrity for no legitimate purpose within the meaning of the Fourteenth Amendment, constituted a violation of Plaintiff's right to be free from unlawful force while detained pursuant to the Fourth Amendment, and deprived Plaintiff of his liberty and right to be free from this type of physical attack.

56.     The violation of Plaintiff's bodily integrity was unreasonable and without due process of law, in violation of the Fourth and Fourteenth Amendments of the United States Constitution.

57.     As a proximate result of SERGEANT DOES and CO DOES' intentional and malicious actions, Plaintiff was caused to be unlawfully assaulted, battered, placed in substantial fear for his life, sustained bodily injuries, mental torment, night terrors and nightmares, depression, fear, loss of enjoyment of life, and other physical, mental, and psychological injuries, damage to

his reputation, other special damages, great mental anguish, and has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling, all to Plaintiff's damage, in an amount to be determined at trial but not less than FIVE MILLION DOLLARS ($5,000,000.00), plus punitive damages and attorney's fees.

## COUNT II
## VIOLATION OF PLAINTIFF'S FOURTH, FIFTH, EIGHTH, AND FOURTEENTH AMENDMENT RIGHTS FOR DELIBERATE INDIFFERENCE TO PLAINTIFF'S RIGHTS/VIOLATING PLAINTIFF'S BODILY INTEGRITY (§ 1983)
### (Against SERGEANT DOES and CO DOES)

58.     Plaintiff repeats, realleges, and reiterates each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

59.     The harm to Plaintiff was foreseeable and a direct result of SERGEANT DOES and CO DOES' conduct in unlawfully assaulting Plaintiff without any legitimate basis or any other lawful justification.

60.     SERGEANT DOES and CO DOES acted in conscious disregard of a great risk of serious harm to Plaintiff by unlawfully assaulting him, placing Plaintiff in substantial fear for his life and safety, and causing physical and emotional injuries to Plaintiff.

61.     SERGEANT DOES and CO DOES's conduct was intentional, with deliberate indifference, recklessness, and/or gross negligence.

62.     SERGEANT DOES and CO DOES consciously disregarded a great risk that serious harm would result by unlawfully placing Plaintiff in a dangerous situation under color of state law that he otherwise would not have been subjected to but for Defendants' conduct.

63.     SERGEANT DOES and CO DOES were aware and/or it was reasonably foreseeable that their conduct would cause injuries to Plaintiff.

PF/D238817/FL2961

64.     SERGEANT DOES and CO DOES used their authority to create an opportunity that otherwise would not have existed for harm to occur.

65.     SERGEANT DOES and CO DOES' conduct in unlawfully assaulting Plaintiff constitutes conduct that shocks the conscience and was without any lawful or legitimate basis.

66.     SERGEANT DOES and CO DOES acted intentionally, with wanton or deliberate indifference, recklessness, and/or gross negligence to Plaintiff's rights.

67.     The aforesaid actions of SERGEANT DOES and CO DOES constituted a gross violation of Plaintiff's bodily integrity for no legitimate reason in violation of Plaintiff's substantive due process rights guaranteed by the Fifth and Fourteenth Amendments.

68.     As a result of SERGEANT DOES and CO DOES' willing, wanton, reckless, deliberately indifferent, and grossly negligent conducts, Plaintiff's Fourth, Fifth, and Fourteenth Amendment rights were violated, and he was unlawfully subjected to a dangerous situation directly caused by Defendant's affirmative actions.

69.     As a proximate result of SERGEANT DOES and CO DOES' intentional, wanton, reckless, grossly negligent, and deliberately indifferent actions, Plaintiff was caused to be unlawfully assaulted, battered, placed in substantial fear for his life, sustained bodily injuries, mental torment, night terrors and nightmares, depression, fear, loss of enjoyment of life, and other physical, mental, and psychological injuries, damage to his reputation, other special damages, has suffered great mental anguish, and has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling, all to Plaintiff's damage, in an amount to be determined at trial but not less than FIVE MILLION DOLLARS ($5,000,000.00), plus punitive damages and attorney's fees.

PF/D238817/FL2961

## COUNT III
## VIOLATION OF PLAINTIFF'S FOURTH, FIFTH, EIGHTH, AND FOURTEENTH AMENDMENT RIGHTS FOR FAILURE TO PROTECT/INTERVENE (§ 1983) (Against Defendants COUNTY, SHERIFF'S OFFICE, JAIL, AND WARDEN TOLERICO)

70.     Plaintiff repeats, realleges, and reiterates each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

71.     Defendants knew that there was a strong likelihood of harm to Plaintiff but failed to take reasonable measures to intervene and prevent the unlawful conduct of SERGEANT DOES and CO DOES, despite having an opportunity to do so.

72.     Upon information and belief, Defendants were on notice of SERGEANT DOES and CO DOES' violent propensity to use their status as correctional officers to unlawfully inflict harm on the inmates.

73.     COUNTY, SHERIFF'S OFFICE, JAIL, and WARDEN TOLERICO knew that SERGEANT DOES and CO DOES had engaged in this conduct in the past by assaulting the inmates using the actual and/or apparent authority of the SHERIFF'S OFFICE and JAIL to carry out their violent desires.

74.     Upon information and belief, Defendants were on notice of SERGEANT DOES and CO DOES' violent propensity to use their status as correctional officers to further their violent desires.

75.     Despite having such knowledge, Defendants failed to take any remedial or preventative measures to deter SERGEANT DOES and CO DOES and/or other correctional officers from continuing to engage in official misconduct that violates the rights of the citizens they each swore to protect and serve.

PF/D238817/FL2961

76.     Had Defendants intervened to stop the unlawful conduct of SERGEANT DOES and CO DOES before April 4, 2020, Plaintiff would not have been subjected to the events described herein.

77.     As a result of Defendants' failure to protect and failure to intervene, Plaintiff's Fourth, Fifth, and Fourteenth Amendment rights were violated.

78.     As a proximate result of Defendants' intentional, wanton, reckless, grossly negligent, and deliberately indifferent actions, Plaintiff was caused to be unlawfully assaulted, battered, placed in substantial fear for his life, sustained bodily injuries, mental torment, night terrors and nightmares, depression, fear, loss of enjoyment of life, and other physical, mental, and psychological injuries, damage to his reputation, other special damages, has suffered great mental anguish, and has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling, all to Plaintiff's damage, in an amount to be determined at trial but not less than FIVE MILLION DOLLARS ($5,000,000.00), plus punitive damages and attorney's fees.

**COUNT IV**
**FAILURE TO SUPERVISE AND FAILURE TO TRAIN (§ 1983)**
**(Against Defendants COUNTY, SHERIFF'S OFFICE, JAIL,**
**and WARDEN TOLERICO)**

79.     Plaintiff repeats, realleges, and reiterates each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

80.     The unlawful assaulting of vulnerable inmates by the correctional officers, including CO DOES, is and was foreseeable.

PF/D238817/FL2961

81.     Defendants COUNTY, SHERIFF'S OFFICE, JAIL, and WARDEN TOLERICO were responsible for supervising, overseeing, and controlling their subordinates in the SHERIFF'S OFFICE and JAIL, including CO DOES.

82.     Defendants COUNTY, SHERIFF'S OFFICE, JAIL, and WARDEN TOLERICO had an express and/or implied duty to provide a reasonably safe environment for their inmates, including Plaintiff. At a minimum, they had a duty to keep him from being unlawfully assaulted by their employees, including CO DOES, which was foreseeable based upon their past instances of misconduct, which were known to the senior officers and supervisors in the SHERIFF'S OFFICE and JAIL.

83.     In fact, it was well known throughout the community that multiple correctional officers, including CO DOES, were using their actual and/or apparent authority to assault vulnerable inmates without reason and without any legal basis.

84.     Despite having this knowledge, Defendants COUNTY, SHERIFF'S OFFICE, JAIL, and WARDEN TOLERICO failed to take any remedial measures to prevent foreseeable acts of abuse by correctional officers.

85.     The countenancing of this behavior created an environment within the SHERIFF'S OFFICE and JAIL wherein correctional officers were allowed to continue with their violent behavior, which led to the constitutional rights of vulnerable citizens being violated for their desires, including Plaintiff.

86.     Defendants COUNTY, SHERIFF'S OFFICE, JAIL, and WARDEN TOLERICO intentionally failed to adequately supervise, control, oversee, train, and/or monitor CO DOES, who had a history of engaging in official misconduct, and failed to implement measures to prevent CO

PF/D238817/FL2961

DOES and other correctional officers from conspiring with each other to cover up their official misconduct.

87.     Defendants COUNTY, SHERIFF'S OFFICE, JAIL, and WARDEN TOLERICO intentionally failed to adequately supervise, control, oversee, train, and/or monitor CO DOES and other correctional officers from conspiring with each other to cover up their official misconduct and prevent them from continuously violating the constitutional rights of individual inmates, including Plaintiff.

88.     Defendants COUNTY, SHERIFF'S OFFICE, JAIL, and WARDEN TOLERICO negligently hired, retained, and/or supervised CO DOES when they knew or should have known that they posed a threat of abuse to vulnerable inmates.

89.     Defendants COUNTY, SHERIFF'S OFFICE, JAIL, and WARDEN TOLERICO knew or should have known of CO DOES' violent propensities for the conduct which caused Plaintiff's injuries, prior to the occurrence of the injuries, given the knowledge of other instances of abuse that predate April 4, 2020.

90.     Defendants COUNTY, SHERIFF'S OFFICE, JAIL, and WARDEN TOLERICO owed a duty of care to all persons, including Plaintiff, who were likely to come into the influence of CO DOES, in their roles as correctional officers, to ensure that CO DOES did not abuse their authority as correctional officers to injure inmates by unlawfully assaulting, battering, and/or otherwise subjecting them to abuse for no lawful reason.

91.     At all times relevant hereto, Defendants' actions were willful, wanton, malicious, reckless, and/or outrageous in their disregard for the rights and safety of Plaintiff.

92.     Upon information and belief, Defendants COUNTY, SHERIFF'S OFFICE, JAIL, and WARDEN TOLERICO were aware that there was a substantial likelihood that permitting CO

PF/D238817/FL2961

DOES to carry on their regular duties as correctional officers would deprive the inmates of their civil rights, but failed to take adequate measures to resolve the wrong.

93.     In fact, upon hearing of the allegations, Defendants COUNTY, SHERIFF'S OFFICE, JAIL, and WARDEN TOLERICO still failed to take any action and failed to terminate CO DOES's employment or title as correctional officers, essentially countenancing this behavior throughout JAIL.

94.     WARDEN TOLERICO and other JAIL supervisors' failure and refusal to adequately investigate CO DOES' actions, acquiescence in CO DOES' conducts, failure to take any remedial action against CO DOES, allowing CO DOES to remain employed as officers with the JAIL, gross negligence in their supervision of CO DOES, and deliberate indifference to the rights of others by failing to act on information that constitutional rights were being violated by CO DOES and other correctional officers, subjects them to supervisory liability for the April 4, 2020 assault and battery on Plaintiff.

95.     As a proximate result of Defendants' intentional, wanton, reckless, grossly negligent, and deliberately indifferent actions, Plaintiff was caused to be unlawfully assaulted, battered, placed in substantial fear for his life, sustained bodily injuries, mental torment, night terrors and nightmares, depression, fear, loss of enjoyment of life, and other physical, mental, and psychological injuries, damage to his reputation, other special damages, has suffered great mental anguish, and has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling, all to Plaintiff's damage, in an amount to be determined at trial but not less than FIVE MILLION DOLLARS ($5,000,000.00), plus punitive damages and attorney's fees.

PF/D238817/FL2961

## COUNT V
## DENIAL AND FAILURE TO PROVIDE MEDICAL TREATMENT PURSUANT TO THE EIGHTH AND FOURTEENTH AMENDMENTS
### (Against All Defendants)

96.     Plaintiff repeats, realleges, and reiterates each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

97.     Defendants had an affirmative duty to provide and administer health and medical services to Plaintiff and other JAIL inmates.

98.     Defendants, as previously alleged, had a duty and obligation to provide Plaintiff and other inmates of the JAIL reasonable and adequate health and medical services.

99.     Defendants, on information, had knowledge that the health care they provided and/or were responsible for providing to Plaintiff and other inmates of the JAIL was deficient, inadequate, and incompetent.

100.     On information, the health and medical care provided by Defendants, or which they were responsible for providing, to Plaintiff failed to meet an acceptable standard of treatment and care in terms of modern medicine, technology, and current beliefs about human decency.

101.     On information, the health and medical care provided by Defendants, or which they were responsible for providing, created an excessive risk to Plaintiff, and the harm to which Plaintiff was exposed was sufficiently serious as to implicate his constitutional rights.

102.     On information, Defendants knew that Plaintiff's medical condition constituted a serious need for competent and adequate medical care and treatment.

103.     On information, Defendants knew of and ignored the aforesaid excessive risk to Plaintiff's health.

PF/D238817/FL2961

104. The denial of adequate medical care as aforesaid created a condition of urgency, where pain, emotional distress, disability, permanent injury, or death was likely.

105. Defendants' policies, practices, customs, actions, and failures to act constituted deliberate indifference to the serious medical needs of Plaintiff.

106. Defendants were deliberately indifferent to the serious medical needs of Plaintiff.

107. As a direct and proximate result of the foregoing, Plaintiff was subjected to great physical and emotional pain and suffering.

108. Defendants' conduct demonstrated reckless and/or callous indifference to the federally protected rights of Plaintiff.

109. As a direct and proximate result of the foregoing, Plaintiff was subjected to cruel and unusual punishment and denial of adequate medical care and treatment.

110. As a proximate result of Defendants' intentional, wanton, reckless, grossly negligent, and deliberately indifferent actions, Plaintiff was caused to be unlawfully assaulted, battered, placed in substantial fear for his life, sustained bodily injuries, mental torment, night terrors and nightmares, depression, fear, loss of enjoyment of life, and other physical, mental, and psychological injuries, damage to his reputation, other special damages, has suffered great mental anguish, and has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling, all to Plaintiff's damage, in an amount to be determined at trial but not less than FIVE MILLION DOLLARS ($5,000,000.00), plus punitive damages and attorney's fees.

PF/D238817/FL2961

## COUNT VI
## FALSE ARREST IN VIOLATION OF PLAINTIFF'S FOURTH, EIGHTH, AND FOURTEENTH AMENDMENT RIGHTS
## (Against all Defendants)

111.    Plaintiff repeats, realleges, and reiterates each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

112.    On or about April 4, 2020, Plaintiff was intentionally detained by Defendants. Following his arrest, Plaintiff was unlawfully detained.

113.    The arrest and detention of Plaintiff by Defendants were conducted under color of state law within the purview of 42 U.S.C. § 1983 and within the scope of their employment by the Passaic County SHERIFF'S OFFICE.

114.    Plaintiff was aware of his detention and he did not consent to being detained.

115.    Plaintiff's detention was not privileged as Defendants lacked probable cause for all and/or part of his detention. In fact, no reasonable officer would agree that there was probable cause for Plaintiff's arrest at the time of his detention.

116.    As a result of his illegal detention, Plaintiff Fourth, Eighth, and Fourteenth Amendment rights were violated and Plaintiff was unlawfully deprived of his liberty without legal justification.

117.    As a proximate result of Defendants' intentional and malicious actions, Plaintiff was caused to be unlawfully assaulted, battered, placed in substantial fear for his life, sustained bodily injuries, mental torment, night terrors and nightmares, depression, fear, loss of enjoyment of life, and other physical, mental, and psychological injuries, damage to his reputation, other special damages, has suffered great mental anguish, and has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling, all to Plaintiff's

damage, in an amount to be determined at trial but not less than FIVE MILLION DOLLARS ($5,000,000.00), plus punitive damages and attorney's fees.

## COUNT VII
## MALICIOUS PROSECUTION IN VIOLATION OF PLAINTIFF'S FOURTH AND FOURTEENTH AMENDMENT RIGHTS
### (Against All Defendants)

118.     Plaintiff repeats, realleges, and reiterates each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

119.     On or about April 4, 2020, Defendant CO DOES and/or SERGEANT DOES signed and filed criminal charges against Plaintiff, charging him with crimes that he did not commit.

120.     The prosecution of Plaintiff was initiated and continued by Defendants with malice and without any legal basis.

121.     At the time the prosecution was commenced, Defendants had knowledge that Plaintiff was innocent of the charges alleged.

122.     On information, as a result of the malicious prosecution, Plaintiff has been required to pay for the services of a criminal defense attorney at a substantial cost to him.

123.     On information, as a result of the false and unlawful charges, Plaintiff has been required to make multiple appearances in Court.

124.     Defendants participated in the investigations of allegations against Plaintiff, as well as the criminal prosecution against him.

125.     The criminal prosecution was commenced despite Defendants' knowledge that Plaintiff did not participate in the alleged crime and that probable cause for the arrest and initiation of the prosecution did not exist.

126.     The criminal prosecution was continued after Defendant(s) knew that he/she/they

PF/D238817/FL2961

had no probable cause for the original arrest and/or initiation of the prosecution existed.

127.   By participating in the arrest and prosecution which they knew lacked probable cause, Defendants acted with malice against Plaintiff.

128.   Defendant(s) prosecuted Plaintiff with malice independent of their lack of probable cause.

129.   Defendant(s) demonstrated their malicious intent by requiring Plaintiff to either accept a plea of guilty to one of the charges or continue with the full prosecution of all charges, despite having incontrovertible evidence that Plaintiff was innocent of the charges.

130.   Defendants have continued to maliciously prosecute Plaintiff.

131.   As a result of Defendants' malicious prosecution, Plaintiff Fourth and Fourteenth Amendment rights were violated.

132.   As a proximate result of Defendants' intentional and malicious actions, Plaintiff was greatly humiliated, injured in his reputation and trade, caused to incur attorney's fees, associated legal expenses, and other special damages, and has suffered great mental anguish causing damages, all to Plaintiff's damage, in an amount to be determined at trial but not less than FIVE MILLION DOLLARS ($5,000,000.00), plus punitive damages and attorney's fees.

**COUNT VIII**
**NEGLIGENT/GROSS NEGLIGENT HIRING, RETENTION, TRAINING, AND**
**SUPERVISION (PENDENT)**
**(Against Defendants COUNTY, SHERIFF'S OFFICE, JAIL,**
**and WARDEN TOLERICO)**

133.   Plaintiff repeats, realleges, and reiterates each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

PF/D238817/FL2961

134.   Defendants knew, or were negligent in not knowing, that SERGEANT DOES and CO DOES posed a threat of abuse to vulnerable inmates, including Plaintiff.

135.   Defendants COUNTY, SHERIFF'S OFFICE, JAIL, and WARDEN TOLERICO, by and through each entity's respective agents, servants, and/or employees, had actual knowledge, knew, or reasonably should have known, of CO DOES' dangerous and violent propensities and/or that SERGEANT DOES and CO DOES were unfits agent due to their violent propensities and prior instances of official misconduct.

136.   Defendants COUNTY, SHERIFF'S OFFICE, JAIL, and WARDEN TOLERICO, by and through each entity's respective agents, servants, and/or employees, failed to implement the proper programs and/or internal guidelines and regulations to adequately screen violent and/or abuse prone officers before they are allowed to continue to perform their full duties as correctional officers, after receiving knowledge of prior instances of misconduct.

137.   The acts of SERGEANT DOES and CO DOES described hereinabove were undertaken, and/or enabled by, and/or during the course, and/or within the scope of their employment, appointment, and/or agency with Defendant JAIL.

138.   Defendants COUNTY, SHERIFF'S OFFICE, JAIL, and WARDEN TOLERICO owed Plaintiff a duty to protect him from SERGEANT DOES and CO DOES' violent tendencies and/or to implement the proper programs and/or internal guidelines and regulations to adequately screen correctional officers who are prone to violence and/or other forms of abuse before allowing them to continue to perform their full duties as correctional officers.

139.   The countenancing of this behavior created an environment within the JAIL wherein the correctional officers were allowed to continue with their violent behavior, without

PF/D238817/FL2961

ever facing an investigation into same or fearing any repercussions for their malfeasance, which led to the constitutional rights of vulnerable inmates being violated for their violent desires.

140.    Defendants COUNTY, SHERIFF'S OFFICE, JAIL, and WARDEN TOLERICO's willful, wanton, grossly negligent, and/or negligent acts of commission and/or omission, directly and/or proximately caused the damages set forth herein at length.

141.    In fact, upon hearing of the allegations, Defendants COUNTY, SHERIFF'S OFFICE, JAIL, and WARDEN TOLERICO still failed to take any action and failed to terminate SERGEANT DOES and CO DOES' employments or title as a correctional officer, essentially countenancing this behavior throughout the JAIL.

142.    As a proximate result of Defendants' intentional, wanton, reckless, grossly negligent, and deliberately indifferent actions, Plaintiff was caused to be unlawfully assaulted, battered, placed in substantial fear for his life, sustained bodily injuries, mental torment, night terrors and nightmares, depression, fear, loss of enjoyment of life, and other physical, mental, and psychological injuries, damage to his reputation, other special damages, has suffered great mental anguish, and has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling, all to Plaintiff's damage, in an amount to be determined at trial but not less than FIVE MILLION DOLLARS ($5,000,000.00).

## COUNT IX
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Against All Defendants)

143.    Plaintiff repeats, realleges, and reiterates each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

144.    By turning a blind eye toward actual knowledge of SERGEANT DOES and CO DOES' assault and battery, by employing SERGEANT DOES and CO DOES, by choosing to place SERGEANT DOES and CO DOES in a position wherein they could work unsupervised, Defendants COUNTY, SHERIFF'S OFFICE, JAIL, and WARDEN TOLERICO caused Plaintiff to be unlawfully assaulted and battered.

145.    Defendants COUNTY, SHERIFF'S OFFICE, JAIL, and WARDEN TOLERICO acted with extreme and outrageous conduct, which intentionally and/or recklessly caused severe emotional distress and bodily harm to Plaintiff.

146.    SERGEANT DOES and CO DOES, in their assault and abuse of Plaintiff, acted with extreme and outrageous conduct that would shock the conscience of a reasonable person, when they brutally assaulted Plaintiff, didn't provide drinking water, dragged his face in urine and fecal matter, and did not permit him to shower. This conduct was atrocious and transcended all bounds of decency, such that this conduct would be utterly intolerable in a civilized society.

147.    Plaintiff suffered severe emotional distress, including severe mental anguish, due to Defendants' intentional and/or reckless, extreme, and/or outrageous conduct.

148.    As a proximate result of Defendants' intentional, wanton, reckless, grossly negligent, and deliberately indifferent actions, Plaintiff was caused to be unlawfully assaulted, battered, placed in substantial fear for his life, sustained bodily injuries, mental torment, night terrors and nightmares, depression, fear, loss of enjoyment of life, and other physical, mental, and psychological injuries, damage to his reputation, other special damages, has suffered great mental anguish, and has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling, all to Plaintiff's damage, in an amount to be determined at trial but not less than FIVE MILLION DOLLARS ($5,000,000.00).

**COUNT X**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
**(Against Defendants COUNTY, SHERIFF'S OFFICE, JAIL, and WARDEN TOLERICO)**

149.    Plaintiff repeats, realleges, and reiterates each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

150.    By employing SERGEANT DOES and CO DOES, and by choosing to place SERGEANT DOES and CO DOES in a position wherein they could work unsupervised in close proximity of vulnerable individuals, Defendants COUNTY, SHERIFF'S OFFICE, JAIL, and WARDEN TOLERICO caused Plaintiff to be assaulted and battered. Defendants COUNTY, SHERIFF'S OFFICE, JAIL, and WARDEN TOLERICO negligently placed Plaintiff in danger of bodily harm and caused Plaintiff to suffer extreme physical injury and emotional distress as a result.

151.    By employing SERGEANT DOES and CO DOES to work unsupervised in close proximity of vulnerable inmates, after having knowledge of prior complaints of malfeasance, Defendants COUNTY, SHERIFF'S OFFICE, JAIL, and WARDEN TOLERICO subjected Plaintiff to abuse and harassment at the hands of SERGEANT DOES and CO DOES by allowing them to have ready, unfettered access to vulnerable inmates, including Plaintiff, with whom to gratify their violent desires.

152.    As a proximate result of Defendants' intentional, wanton, reckless, grossly negligent, and deliberately indifferent actions, Plaintiff was caused to be unlawfully assaulted, battered, placed in substantial fear for his life, sustained bodily injuries, mental torment, night terrors and nightmares, depression, fear, loss of enjoyment of life, and other physical, mental, and psychological injuries, damage to his reputation, other special damages, has suffered great mental

26

anguish, and has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling, all to Plaintiff's damage, in an amount to be determined at trial but not less than FIVE MILLION DOLLARS ($5,000,000.00).

**COUNT XI**
**MONELL**
**(Against Defendants COUNTY, SHERIFF'S OFFICE, JAIL, and WARDEN TOLERICO)**

153.    Plaintiff repeats, realleges, and reiterates each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

154.    Upon information and belief, it was the custom, policy, and practice of COUNTY, SHERIFF'S OFFICE, JAIL, and WARDEN TOLERICO to tolerate, condone, and encourage constitutional violations, such as those alleged by Plaintiff above, by failing to properly punish, charge, reprimand, and investigate allegations and incidents of misconduct by correctional officers.

155.    Employees of the COUNTY, SHERIFF'S OFFICE, JAIL, and WARDEN TOLERICO, such as the SERGEANT DOES and CO DOES in this action, were aware at all times alleged in this Complaint that their unconstitutional conduct would not be investigated or questioned, and that they would receive no reprimand or be punished for their conduct.

156.    Employees of the COUNTY, SHERIFF'S OFFICE, JAIL, and WARDEN TOLERICO, such as the SERGEANT DOES and CO DOES in this action, were aware at all times alleged in this Complaint that their unconstitutional conduct would not be investigated or questioned, and that they would receive no reprimand or be punished for their conduct and, further, that they would be indemnified from civil liability regardless of the illegality or unconstitutionality of their actions.

PF/D238817/FL2961

157.   By failing to supervise, train, and reprimand such correctional officers, COUNTY, SHERIFF'S OFFICE, JAIL, and WARDEN TOLERICO caused the injuries to Plaintiff through the actions and inactions of the SERGEANT DOES and CO DOES.

158.   By maintaining a de facto policy of automatic indemnification, COUNTY, SHERIFF'S OFFICE, JAIL, and WARDEN TOLERICO caused the injuries to Plaintiff through the actions and inactions of the SERGEANT DOES and CO DOES.

159.   Upon information and belief, it was the custom, policy, and practice of COUNTY, SHERIFF'S OFFICE, JAIL, and WARDEN TOLERICO to blatantly ignore complaints and/or widespread allegations of assault, battery, and/or other malfeasance against inmates by the correctional officers in order to shield the COUNTY, SHERIFF'S OFFICE, JAIL, and WARDEN TOLERICO from receiving any bad press that would be generated from an investigation of misconduct by the correctional officers.

160.   Upon information and belief, this custom, policy, and practice of COUNTY, SHERIFF'S OFFICE, JAIL, and WARDEN TOLERICO to ignore complaints and/or widespread allegations of assault, battery, and other malfeasance against inmates by the correctional officers, created an environment where foreseeable constitutional violations by the correctional officers were rampant, including the violations of Plaintiff's constitutional rights by SERGEANT DOES and CO DOES.

161.   COUNTY, SHERIFF'S OFFICE, JAIL, and WARDEN TOLERICO's failure to take action against SERGEANT DOES and CO DOES involved in this incident and in other similar incidents was part of a custom, practice, and procedure of neglect and deliberate indifference that directly caused the injuries to Plaintiff.

PF/D238817/FL2961

162.    As authorized representatives of Defendants COUNTY, SHERIFF'S OFFICE, JAIL, and WARDEN TOLERICO, the correctional officers' conduct of threats of violence and acts of assault and battery, such as against Plaintiff, constituted a custom, policy, and practice which renders Defendants COUNTY, SHERIFF'S OFFICE, JAIL, and WARDEN TOLERICO liable to Plaintiff as a "Person" acting under the color of state law.

163.    These customs, policies, and practices, which were enforced by Defendants COUNTY, SHERIFF'S OFFICE, JAIL, and WARDEN TOLERICO were the moving force, proximate cause, or affirmative link behind the conduct causing Plaintiff's injuries.

164.    Had WARDEN TOLERICO investigated serious complaints of assault and/or widespread allegations of same prior to April 4, 2020, SERGEANT DOES and CO DOES would not have been in a position to violate Plaintiff's constitutional rights.

165.    COUNTY, SHERIFF'S OFFICE, JAIL, and WARDEN TOLERICO are therefore liable for violations of Plaintiff's constitutional rights as caused by SERGEANT DOES and CO DOES, as described in more detail in the foregoing paragraphs; and Plaintiff has suffered damages therefrom.

166.    That, by virtue of WARDEN TOLERICO and other JAIL Supervisors' failure and refusal to adequately investigate SERGEANT DOES and CO DOES' actions, acquiescence in SERGEANT DOES and CO DOES' conduct, failure to take any remedial action against SERGEANT DOES and CO DOES, allowing SERGEANT DOES and CO DOES to remain employed as an officer with the JAIL, gross negligence in their supervision of SERGEANT DOES and CO DOES, and deliberate indifference to the rights of others by failing to act on information that constitutional rights were being violated by SERGEANT DOES and CO DOES, Defendants COUNTY, SHERIFF'S OFFICE, JAIL, and WARDEN TOLERICO, which employed these

correctional officers and policymakers during the relevant time period, exhibited a de facto custom, policy, or usage of unconstitutional conduct sufficient for the imposition of municipal liability under Monell v. Dept. of Social Services, 436 US. 658 (1978).

167.    As a proximate result of Defendants' intentional, wanton, reckless, grossly negligent, and deliberately indifferent actions, Plaintiff was caused to be unlawfully assaulted, battered, placed in substantial fear for his life, sustained bodily injuries, mental torment, night terrors and nightmares, depression, fear, loss of enjoyment of life, and other physical, mental, and psychological injuries, damage to his reputation, other special damages, has suffered great mental anguish, and has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling, all to Plaintiff's damage, in an amount to be determined at trial but not less than FIVE MILLION DOLLARS ($5,000,000.00) plus punitive damages and attorney's fees.

### COUNT XII
### ASSAULT
### (Against Defendants SERGEANT DOES and CO DOES)

168.    Plaintiff repeats, realleges, and reiterates each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

169.    SERGEANT DOES and CO DOES' physical abuse of Plaintiff was entirely unjustified and constitutes an intentional assault upon Plaintiff.

170.    SERGEANT DOES and CO DOES, by their conduct, placed Plaintiff in fear of imminent harm and offensive conduct.

171.    As a proximate result of Defendants' intentional, wanton, reckless, grossly negligent, and deliberately indifferent actions, Plaintiff was caused to be unlawfully assaulted,

battered, placed in substantial fear for his life, sustained bodily injuries, mental torment, night terrors and nightmares, depression, fear, loss of enjoyment of life, and other physical, mental, and psychological injuries, damage to his reputation, other special damages, has suffered great mental anguish, and has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling, all to Plaintiff's damage, in an amount to be determined at trial but not less than FIVE MILLION DOLLARS ($5,000,000.00).

**COUNT XIII**
**BATTERY**
**(Against Defendant SERGEANT DOES and CO DOES)**

172.    Plaintiff repeats, realleges, and reiterates each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

173.    Battery is the intentional wrongful physical contact with another person without consent.

174.    SERGEANT DOES and CO DOES' intentional physical abuse of Plaintiff was entirely unjustified, done without Plaintiff's consent, and constituted a battery upon Plaintiff.

175.    As a proximate result of Defendants' intentional, wanton, reckless, grossly negligent, and deliberately indifferent actions, Plaintiff was caused to be unlawfully assaulted, battered, placed in substantial fear for his life, sustained bodily injuries, mental torment, night terrors and nightmares, depression, fear, loss of enjoyment of life, and other physical, mental, and psychological injuries, damage to his reputation, other special damages, has suffered great mental anguish, and has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling, all to Plaintiff's damage, in an amount to be determined at trial but not less than FIVE MILLION DOLLARS ($5,000,000.00).

PF/D238817/FL2961

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands the following relief:

A.      Under the First Claim for Relief, in the amount of FIVE MILLION DOLLARS ($5,000,000.00) DOLLARS plus punitive damages and attorney's fees;

B.      Under the Second Claim for Relief, in the amount of FIVE MILLION DOLLARS ($5,000,000.00) DOLLARS plus punitive damages and attorney's fees;

C.      Under the Third Claim for Relief, in the amount of FIVE MILLION DOLLARS ($5,000,000.00) plus punitive damages and attorney's fees;

D.      Under the Fourth Claim for Relief, in the amount of FIVE MILLION DOLLARS ($5,000,000.00) plus punitive damages and attorney's fees;

E.      Under the Fifth Claim for Relief, in the amount of FIVE MILLION DOLLARS ($5,000,000.00) plus punitive damages and attorney's fees;

F.      Under the Sixth Claim for Relief, in the amount of FIVE MILLION DOLLARS ($5,000,000.00) plus punitive damages and attorney's fees;

G.      Under the Seventh Claim for Relief, in the amount of FIVE MILLION DOLLARS ($5,000,000.00) plus punitive damages and attorney's fees;

H.      Under the Eighth Claim for Relief, in the amount of FIVE MILLION DOLLARS ($5,000,000.00);

I.      Under the Ninth Claim for Relief, in the amount of FIVE MILLION DOLLARS ($5,000,000.00);

J.      Under the Tenth Claim for Relief, in the amount of FIVE MILLION DOLLARS ($5,000,000.00);

PF/D238817/FL2961

K.      Under the Eleventh Claim for Relief, in the amount of FIVE MILLION DOLLARS ($5,000,000.00) plus punitive damages and attorney's fees;

L.      Under the Twelfth Claim for Relief, in the amount of FIVE MILLION DOLLARS ($5,000,000.00);

M.      Under the Thirteenth Claim for Relief, in the amount of FIVE MILLION DOLLARS ($5,000,000.00);

N.      For compensatory damages against all Defendants in an amount to be determined at trial but in no event less than FIVE MILLION DOLLARS ($5,000,000.00);

O.      Such other and further relief as the Court deems just and proper.

Dated:  Garden City, New York
          July 19, 2021

THE RUSSELL FRIEDMAN LAW GROUP, LLP
*Attorneys for Plaintiff*

By:     */s/Christopher M. Arzberger*
          Christopher M. Arzberger
          400 Garden City Plaza, Suite 500
          Garden City, New York 11530
          Tel: 516.355.9696
          carzberger@rfriedmanlaw.com